## AGREEMENT AND GENERAL RELEASE

ISI Design and Installation Solutions, Inc. (**"ISI"**) and Lysette Titi, Marcellino King and Karen Johnston, along with their heirs, executors, administrators, successors, and assigns ("**Employees**"), agree that:

1. **Last Day of Employment.** Employees' last days of employment with ISI were on or about April 12, 2017 (Titi), May 11, 2017 (King) and May 25, 2017 (Johnston) ("Separation Dates").

2. **Consideration.** In consideration for signing this Agreement, and complying with its terms, ISI and Employees agree:

    a. to pay to each Employee Five-Thousand, Seven-Hundred Twenty-Eight Dollars and Sixteen Cents (**$5,728.16**) as allegedly unpaid backay payable as W-2 wages, less lawful deductions, within the later of: (1) ten (10) business days after counsel for ISI receives a signed original of this Agreement; and (2) the Northern District of Georgia's approval of the parties' Settlement Agreement.

    b. to pay to each Employee Five-Thousand, Seven-Hundred Twenty-Eight Dollars and Sixteen Cents (**$5,728.16**) as 1099 Box 3 "Other Income," within the later of: (1) ten (10) business days after counsel for ISI receives a signed original of this Agreement; and (2) the Northern District of Georgia's approval of the parties' Settlement Agreement.;

    c. to pay to each Employee Three-Thousand, Eight-Hundred Eighteen Dollars and Seventh-Seven Cents (**$3,818.77**) as allegedly unpaid commissions payable as W-2 wages, less lawful deductions, within the later of: (1) ten (10) business days after counsel for ISI receives a signed original of this Agreement; and (2) the Northern District of Georgia's approval of the parties' Settlement Agreement; and

    d. to pay to Kevin D. Fitzpatrick, Jr. Tax Id # 20-2294023, Attorney, Thirteen-Thousand, One-Hundred Seventy-Five Dollars and Seventy-Six Cents for attorney's fees and costs (**$13,175.76**) plus reimbursement of Employees' share of the mediation fee of Two-Thousand, Twenty-Five Dollars (**$2,025**) within the later of: (1) ten (10) business days after counsel for ISI receives a signed original of this Agreement; and (2) the Northern District of Georgia's approval of the parties' Settlement Agreement.

3. **No Consideration Absent Execution of this Agreement.** Each Employee understands and agrees that Employees would not receive the monies and/or benefits specified in paragraph "2" above, except for Employees' execution of this Agreement and the fulfillment of the promises contained herein.

4. **General Release. Claims Not Released and Related Provisions**.

    a. **General Release of All Claims.** Each Employee knowingly and voluntarily releases and forever discharge ISI, its parent corporations, affiliates, subsidiaries,

divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement , including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Fair Labor Standards Act ("FLSA")
- Georgia AIDS Confidentiality Act – O.C.G.A.. §24-9-47;
- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;
- Georgia Age Discrimination in Employment Act – O.C.G.A. §34-1-2;
- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;
- The Georgia minimum wage, recordkeeping and payday statutes— O.C.G.A. §§ 34-4-3, 34-2-11 and 34-8-2;
- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;
- any other federal, state or local law, rule, regulation, or ordinance

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

    b. **Claims Not Released.**  Employees are not waiving any rights they may have to: (a) their own vested accrued employee benefits under the ISI health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

    c. **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Employees from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employees agree that if such an administrative claim is made, Employees shall not be entitled to recover any individual monetary relief or other individual remedies.

    d) **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, Employees waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which ISI or any other Releasee identified in this Agreement is a party.

   5. **Acknowledgments and Affirmations.**

   Each Employee affirms that Employees have not filed, caused to be filed, or presently are a party to any claim against ISI except Case 1:17-cv-03577-ELR pending in United States District Court, Northern District of Georgia.

   Each Employee affirms that Employees have reported all hours worked as of the date Employees sign this Agreement and have been paid and/or have received all compensation, wages, bonuses, commissions, and/or which are due and payable as of the date Employee signs this Agreement.  Employees affirm that Employees have been granted any leave to which Employees were entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

   Each Employee further affirms that as of the date of this Agreement, Employees have no known workplace injuries or occupational diseases attributable to their employment with ISI.

   Each Employee further affirms that Employees have not been retaliated against for reporting any allegations of wrongdoing by ISI or its officers, including any allegations of corporate fraud.

   Employees shall not apply in the future for employment with ISI because of, among other things, irreconcilable differences with ISI.

6.  **Return of Property**. Each Employee affirms that Employees have returned all of ISI's property, documents, and/or any confidential information in Employees' possession or control. Employees also affirm that Employees are in possession of all of Employees' property that Employees had at ISI and that ISI is not in possession of any of Employees' property.

7.  **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.  **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, and the Releasees, and each of them, specifically deny any wrongdoing whatsoever.

9.  **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employees acknowledge that Employees have not relied on any representations, promises, or agreements of any kind made to Employees in connection with Employees' decisions to accept this Agreement, except for those set forth in this Agreement.

12. **Counterparts.** The Parties acknowledge and agree that this Agreement may be executed in two or more counterparts, each of which shall be deemed and original but all of which shall constitute one and the same instrument. One or more counterparts of this Agreement may be delivered via facsimile or electronic pdf transmission, with the intention that they shall have the same effect as the original counterpart thereof.

**EMPLOYEES ARE ADVISED THAT EMPLOYEES HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.**

**EMPLOYEES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEES HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _____
    Lysette Tilis

Date: July 12, 2018

By: _____
    Marcellino King

Date: _____

By: _____
    Karen Johnston

Date: _____

ISI Design and Installation Solutions, Inc.

By: _____
    Richard Strulson

Date: 7·19·18

4816-3397-5405, v. 1

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

ISI Design and Installation Solutions, Inc.

By: _____  
    Lysette Titi

Date: _____

By: _____  
    Richard Strulson

Date: 7·19·18

By: _____  
    Marcellino King

Date: 7·11·18

By: _____  
    Karen Johnston

Date: _____

4816-3397-5405, v. 1

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

ISI Design and Installation Solutions, Inc.

By: _____
    Lysette Titi

Date: _____

By: *(signed)* Richard Strulson
    Richard Strulson

Date: 7·19·18

By: _____
    Marcellino King

Date: _____

By: *(signed)* Karen Johnston
    Karen Johnston

Date: 7-12-18

4816-3397-5405, v. 1